IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICROMETL CORP., <br> Plaintiff. | Case No.: 1:08-cv-0321-LJM-WTL |
| vs. | U.S. District Judge Larry J. McKinney |
| TRANZACT TECHNOLOGIES, INC., <br> Defendant. | Magistrate Judge William T. Lawrence |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS/TRANSFER FOR IMPROPER VENUE PURSUANT TO RULE 12(b)(3) AND/OR 28 U.C.S.A. § 1406**

Defendant, TRANZACT TECHNOLOGIES, INC. (hereinafter, "Defendant"), by and through its attorneys, SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY and SULLIVAN HINCKS & CONWAY, states as follows for its Memorandum in Support of its Motion to Dismiss/Transfer for Improper Venue.

**I.**

**INTRODUCTION AND BACKGROUND**

On February 25, 2008, Plaintiff, MICROMETL CORP. (hereinafter, "Plaintiff"), filed this matter in the Marion County Circuit Court located in Marion County, Indiana, in Cause No. 49D10-08-02-PL-0009473. (A copy of Plaintiff's Complaint is attached to Defendant's Motion To Dismiss/Transfer For Improper Venue Pursuant To Rule 12(b)(3) And/Or 28 U.S.C.A. § 1406 ("Defendant's Motion") and incorporated herein as Exhibit "1"). On March 10, 2008, Defendant properly removed this matter to this Court on the basis of diversity jurisdiction. (A copy of Defendant's Notice of Removal is attached to Defendant's Motion and incorporated herein as Exhibit "2").

Plaintiff's case is based on alleged "overbilling" by Defendant under the parties' shipper services agreement. Plaintiff only attaches a portion of that agreement as an exhibit to its state court Complaint. (Ex. 1) That portion expressly incorporates additional provisions and "standard principles" of the agreement, available via a secure link on TranzAct's web site, that "govern both [parties'] commitments." (Ex. 1, "Exhibit A," ¶¶ 2-3). From the time Plaintiff signed the portion of the agreement attached as an exhibit to its state court Complaint through the present, the additional provisions and "standard principles" of the agreement have always been available via TranzAct's web site. (See, Declaration of Michael A. Regan, attached to Defendant's Motion and incorporated herein as Exhibit 3, ¶ 5).

The online "standard principles" of the parties' agreement, incorporated by reference in the portion cited by Plaintiff, contain the "Freedom Logistics Network 21st Century Shipper Transportation Agreement." (Ex. 3, ¶¶ 4-6, and "Exhibit A" attached thereto). Article XV of the "Freedom Logistics Network 21st Century Shipper Transportation Agreement" is entitled "Controlling Law," and reads as follows:

> The applicable laws and venues to the Agreement are as follows:
>
> A.---The parties specifically agree that this Agreement shall be construed and enforced in accordance with the laws of the State of Illinois except where Federal law is applicable.
>
> B.---The parties **mutually consent and submit to the jurisdiction and venue of the Federal and/or State courts located in Cook or DuPage Counties, Illinois and any action or suit concerning this Agreement or related matter shall only be brought by the parties in these Federal or State courts** with appropriate subject matter jurisdiction therein.
>
> C.---The parties mutually acknowledge and agree that they shall not raise in connection therewith, and hereby waive, any defenses based upon venue, inconvenience of forum, lack of jurisdiction in any action or suit brought in accordance with the foregoing.

(Ex. 3, "Exhibit A")(emphasis added).

This Controlling Law provision was expressly and intentionally incorporated into the parties' agreement at the time the agreement was signed, and has governed the parties' relationship since that time. (Ex. 3, ¶¶ 4-8). Defendant requests the Court to dismiss the Complaint pursuant to Federal Rule 12(b)(3) because the agreement between the parties contains an exclusive forum selection clause that requires all actions and lawsuits concerning the agreement to be brought in either the State or Federal Courts located in Cook or DuPage Counties, Illinois.

Alternatively, Defendant requests the Court to transfer the case to the United States District Court for the Northern District of Illinois, Eastern Division pursuant to 28 U.S.C § 1406.

## II.
## APPLICABLE FEDERAL LAW

Federal Rule of Civil Procedure 12(b)(3) provides that a party may assert a defense based on "improper venue" by motion in lieu of filing a responsive pleading. Fed.R.Civ.Pro. 12(b)(3) (West 2008). A lack-of-venue challenge, based upon a forum-selection clause, is appropriately brought as a Rule 12(b)(3) motion to dismiss. Cont'l Ins. Co. v. M/V Orsula, 354 F.3d 603, 606-7 (7th Cir. 2003). If the trial court grants a Rule 12(b)(3) motion for improper venue, the court possesses the discretion to either dismiss the complaint or transfer the matter to its proper venue. See Audi AG & Volkswagen of America, Inc. v. Izumi, 204 F. Supp. 2d 1014, 1017 (E.D. Mich. 2002). Alternatively, 28 U.S.C. § 1406, provides that a district court "shall dismiss, or if it be in the interest of justice, transfer" a case that is filed in the wrong district. 28 U.S.C. §1406 (West 2008).

When a defendant challenges venue pursuant to Rule 12(b)(3), the plaintiff has the burden of proving that venue is proper. Estate of Moore v. Dixon, 460 F. Supp. 2d 931, 935

(E.D. Wis. 2006); Interlease Aviation Investors II (ALOHA) L.L.C. v. Iowa Corp., 262 F. Supp. 2d 898, 913 (N.D. Ill. 2003). "[T]here is a heavy burden on the party challenging the forum selection clause to show that if it is upheld, 'the contractual forum will be so gravely difficult and inconvenient' that he will for 'all practical purposes be deprived of his day in court.'" HAB Carriers, Inc. v. Arrow Tuck Sales, Inc., 2007 U.S. Dist. LEXIS 62525 (N.D. Ill. Aug. 23, 2007) quoting Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1290-91 (7th Cir. 1989).

### III.

### ARGUMENT

The instant case was brought pursuant to the terms of the parties' shipper services agreement. That agreement expressly incorporated a "Controlling Law" provision through which the parties agreed to bring "any action or suit" concerning the agreement in the Federal or State courts located in Cook or DuPage Counties, Illinois. Notwithstanding such a clear and unambiguous venue provision, the Plaintiff erroneously filed this action in the state court of Indiana.

Forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." Hugel v. The Corporation of Lloyd's, 999 F.2d 206, 210 (7th Cir. 1993) citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972); HAB Carriers, 2007 U.S. Dist. LEXIS 62525 at *7. "[A] forum selection clause is enforceable to the same extent as the usual terms of a contract, which mainly means [it will be enforced] unless it was procured by fraud or related misconduct," IFC Cred. Corp., 437 F.3d at 610, and "should be overridden only if that choice would impose significant costs on third parties or on the judicial system." Abbott Laboratories v. Takeda Pharmaceutical Company Ltd., 476 F.3d 421, 423 (7th Cir. 2007); see also Northwestern

National Ins. Co. v. Donovan, 916 F.2d 372, 376 (7th Cir. 1990). A forum selection clause will not be enforced only where it flunks the test of fundamental fairness. IFC Credit Corporation v. Aliano Brothers Gen. Contractors, Inc., 437 F.3d 606, 610 (7th Cir. 2006) citing Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 595 (1991).

In this matter, the agreement between Plaintiff and Defendant clearly contains an exclusive forum selection clause requiring that Plaintiff and Defendant "consent and submit to the jurisdiction and venue of the Federal and/or State courts located in Cook or DuPage Counties, Illinois and any action or suit concerning this Agreement or related matter shall only be brought by the parties in these Federal or State courts…." The law of the Seventh Circuit is unmistakable that this clear and unambiguous designation of an exclusive forum selection clause is prima facie valid and must be enforced by this Court.

Plaintiff raises no facts in its Complaint that the agreement containing the forum selection clause is invalid on the basis of mistake or fraud and there is nothing in the record demonstrating that it would be fundamentally unfair to enforce the parties' selection of this forum. In fact, Plaintiff's claims expressly rely upon the validity of the very agreement containing the forum selection clause. Furthermore, as established in the Declaration of Michael Regan, all of the contractual terms contained in the agreement have been available online since before Plaintiff signed the agreement. As such, the parties' choice of forum contained in the forum selection clause must be enforced.

Even if Plaintiff failed to review the incorporated terms and principles, the forum selection clause must be enforced. In HAB Carriers, supra, one of five defendants moved to dismiss or transfer a case pending in the District Court for the Northern District of Illinois pursuant to a forum selection clause contained in a series of warranty contracts between the

plaintiff and that defendant. The plaintiff claimed it had not seen the forum selection clause prior to commencement of the first warranty contract, and therefore the clause could not apply. Nonetheless, the court applied the law of the Seventh Circuit and enforced the forum selection clause by transferring plaintiff's claims against all five defendants to the District Court for the District of New Jersey. In the matter at bar, the Plaintiff had the opportunity to review all of the contractual terms prior to entering into the agreement with Defendant. Under these facts, this matter must be dismissed or transferred to the District Court for the Northern District of Illinois, Eastern Division pursuant to 28 U.S.C. § 1406(a).

## IV.

## CONCLUSION

For the foregoing reasons, this Court should dismiss Plaintiff's Complaint or, if the Court deems that the interests of justice so require, that the action be transferred to the proper venue located in United States District Court for the Northern District of Illinois, Eastern Division.

Respectfully Submitted,

TRANZACT TECHNOLOGIES, INC.

By: /s/ Ryan A. Mahoney
One of Its Attorneys

Thomas E. Schulte
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY
10 West Market Street
Suite 1500
Indianapolis, IN 46204
(317) 492-9274 ph
(317) 687-2414 fax

and

Daniel C. Sullivan (*pro hac vice*)
Ryan A. Mahoney (*pro hac vice*)
SULLIVAN, HICKS & CONWAY
120 West 22nd Street, Ste. 100
Oak Brook, IL 60523
(630) 573-5021 ph
(630) 573-5130 fax

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of March, 2008, a copy of the foregoing was filed electronically. Parties may access this filing through the Court's system. OPTION: (Parties may access this filing through the Court's system.)

Thomas E. Schulte
tschulte@scopelitis.com

Douglas Robert Brown
dbrown@silegal.com

Thomas W. Blessing
tblessing@silegal.com, dedmondson@silegal.com

/s/ Ryan A. Mahoney
Ryan A. Mahoney

SULLIVAN, HICKS & CONWAY
120 West 22nd Street, Ste. 100
Oak Brook, IL 60523
(630) 573-5021 ph
(630) 573-5130 fax