# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MICROMETL CORP., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 08 C 3257 |
| | ) |
| TRANZACT TECHNOLOGIES, INC., | ) Magistrate Judge Nan R. Nolan |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff MicroMetl Corp., an Indiana corporation, filed suit against Tranzact Technologies, Inc., an Illinois corporation, in the Circuit Court of Marion County, Indiana, alleging breach of contract in connection with a shipping services agreement. Plaintiff specifically alleged that Defendant overbilled the company "in excess of $100,000," and "failed and refused to correct the overbillings." (Doc. 1-1, ¶¶ 8, 11.) On March 11, 2008, Defendant removed the case to the Southern District of Indiana on the basis of diversity jurisdiction, noting that the parties are "citizens of different States," and asserting that Plaintiff sought damages in excess of $75,000. (Doc. 1, ¶ 5.) Defendant then moved to transfer the case to the Northern District of Illinois based on a forum selection clause in the parties' contract. The Indiana district court granted that motion on June 5, 2008. (Doc. 25.) Shortly thereafter, Defendant answered the complaint and filed a counterclaim in the amount of $49,766.83. (Doc. 31.) On July 14, 2008, the parties filed a joint status report in which Plaintiff reiterated its claim to more than $100,000 in overbillings. (Doc. 37.) Two days later, the parties consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

Over the next year and a half, the parties engaged in extensive discovery. Defendant claims that in August 2009, Plaintiff produced a document showing that it had incurred over $139,444.44 in overbillings arising out of this matter, but that it had also received refunds from

third-party sources that reduced the total amount at issue to only $38,846.98. (Doc. 74, Ex. E.) Consistent with this document, Plaintiff's Vice President and General Manager, Mark Webber, and Plaintiff's Controller, Sandra Ellis, both testified at their depositions that (1) the amount of potential damages was only $38,846.98; and (2) Plaintiff had received all relevant refunds by November 14, 2007, more than three months before Plaintiff filed this lawsuit on February 25, 2008.

Defendant now seeks to remand the case to state court, arguing that Plaintiff at all times possessed sufficient documentation to determine that its actual losses in no way exceeded $75,000 as required for diversity jurisdiction. Defendant also seeks sanctions against Plaintiff for allowing the improper removal and/or for knowingly and unnecessarily multiplying the costs of litigation. Plaintiff insists that remand is improper; denies that it knew about all of the refunds prior to filing suit; and seeks its fees and costs incurred in responding to this motion. For the reasons set forth below, the motion to remand is granted in part and denied in part, and the requests for sanctions and fees are denied.

## DISCUSSION

Defendant seeks to remand the case pursuant to 28 U.S.C. § 1447(c), which states:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

Section 1447(c) typically applies where a plaintiff claims that the defendant has improperly removed a case from state court. *See, e.g., Lott v. Pfizer, Inc.*, 492 F.3d 789, 792 (7th Cir. 2007) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)) ("[P]laintiffs are entitled to attorneys' fees under § 1447(c) . . . if the defendant 'lacked an objectively reasonable basis for seeking removal.'") Here, Defendant is the party that both removed the case in the first place, and now wants a remand. Defendant explains that it based its decision to remove the case to federal court on Plaintiff's representation that it incurred more than $100,000 in overbilling damages. During the

course of discovery, however, Defendant claims to have learned that before Plaintiff ever filed this lawsuit, it had in its possession documentation proving that the total overbilling damages were always less than $40,000. Based on this information, Defendant seeks to remand the case to the Circuit Court for the Eighteenth Judicial Circuit, Du Page County, Illinois, and to recover its costs and fees incurred in connection with the removal.

### A. Remand

"In removal cases based on diversity jurisdiction, the amount in controversy is determined based on the plaintiff's complaint at the time the notice of removal is filed." *Presnell v. Cottrell, Inc.*, No. 09-cv-656-JPG, 2009 WL 4923808, at *2 (S.D. Ill. Dec. 14, 2009). As a general rule, "nothing filed after removal affects jurisdiction." *See also In re Burlington Northern Santa Fe Ry. Co.*, 606 F.3d 379, 380 (7th Cir. 2010). However, "[e]vents subsequent to removal that merely reveal whether the required amount was in dispute on the date of filing, rather than alter the current amount in controversy, can be considered in deciding what that original amount in controversy was." *BEM I, L.L.C. v. Anthropologie, Inc.*, 301 F.3d 548, 552 (7th Cir. 2002).

The Seventh Circuit has explained that "[t]he amount in controversy in a diversity case is the stakes that the plaintiff or defendant alleges, and provided the allegation is not false to a 'legal certainty' the amount is taken as true for purposes of jurisdiction." *Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 677 (7th Cir. 2006). In other words, a number stated in the complaint controls "unless [the plaintiff's] recovering that amount [in the litigation] would be legally impossible." *Id*. (quoting *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815-16 (7th Cir. 2006)).

The facts in this case demonstrate that at the time of removal, Plaintiff could not legally have recovered more than $38,846.98 from Defendant. Plaintiff terminated its relationship with Defendant effective November 30, 2007, before it filed this suit in February 2008. (Doc. 77-5, at 2.) At that point, Plaintiff's damages for breach were fixed and complete. Specifically, Plaintiff had

incurred all possible overbillings, totaling $139,444.44, but had also received refunds for all but $38,846.98 of that amount. (Doc. 74, Exs. E, F.) Plaintiff speculates that there could have been additional overbillings, but in fact there were not. It thus was legally impossible for Plaintiff ever to recover more than $38,846.98, well below the jurisdictional amount, even if the company won on the merits. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (if it was "apparent, to a legal certainty, that [Plaintiff] never was entitled to recover th[e] amount [claimed], . . . the suit will be dismissed.")

Where, as here, the court discovers that it does not have jurisdiction over the case, the appropriate recourse is to remand the case to state court. *See, e.g., Wald v. Brink's Inc.*, No. 2:10-CV-00075-WCL-APR, 2010 WL 2608990, at *1 (N.D. Ind. June 25, 2010) ("If the district court does not have jurisdiction, the case must be remanded.")

### B. Proper Remand Forum

The next question is which state court is the proper forum for the remand. Defendant argues, without citation to any authority, that the case should go to an Illinois court because the parties' contract specifies Illinois as the proper forum. Plaintiff disagrees, insisting that the case must be remanded to Indiana, since that was the originating forum. Section 1447(c) contemplates remand "to the state court from which [a case] had been removed." *Midlock v. Apple Vacations West, Inc.*, 406 F.3d 453, 455 (7th Cir. 2005). *See also Murphy v. Capital One Bank*, No. 08 C 801, 2008 WL 2357641, at *2 (N.D. Ill. June 5, 2008) (if it becomes apparent that the district court lacks subject matter jurisdiction, "the district court must remand the case to the state court from which it was removed.") Here, Defendant removed the case from Indiana state court, so the case must be returned there.

Defendant objects that the Indiana courts do not have jurisdiction over the case pursuant to the forum selection clause in the parties' contract, and that "there is no point in remanding to a

4

court that has no jurisdiction over the case." (Doc. 77, at 9-10.)  Perhaps, but "the Supreme Court has squarely rejected the argument that there is an implicit 'futility exception' hidden behind the plain meaning of § 1447(c)." *Smith v. Wisconsin Dep't of Agriculture, Trade and Consumer Protection*, 23 F.3d 1134, 1139 (7th Cir. 1994) (citing *International Primate Protection League v. Administrators of Tulane Educational Fund*, 500 U.S. 72 (1991)).  Whether an Indiana court will entertain Plaintiff's suit "turns on a question of [Indiana] law, and [the court] decline[s] to speculate on the proper result." *Id*.

Defendant next insists, again without any supporting authority, that the counterclaim it filed in this jurisdiction should be remanded separately to Illinois state court.  The court disagrees.  To the extent Defendant never filed its counterclaim in Illinois state court, there is no Illinois state court venue available for a "remand."  *See Bloom v. Barry*, 755 F.2d 356, 358 (3d Cir. 1985) (where a lawsuit was filed in a Florida state court, removed to a Florida district court and then transferred to a New Jersey district court, the New Jersey district court did not have authority to remand the case to a New Jersey state court; "'[r]emand' means 'send back.'  It does not mean 'send elsewhere.'") The court does not have separate jurisdiction over the counterclaim, as Defendant seeks less than $50,000 in damages.  Thus, Defendant's counterclaim is dismissed and the case is hereby remanded to the Circuit Court of Marion County, Indiana.

**C.   Fees and Costs**

The final issue is whether Plaintiff must pay Defendant's fees and costs associated with the improper removal.  Defendant first seeks sanctions under 18 U.S.C. § 1927, which gives a court discretion to award costs, expenses and attorneys' fees against a party that "unreasonably and vexatiously" multiplies the proceedings in a case.  *See Mach v. Will County Sheriff*, 580 F.3d 495, 501 (7th Cir. 2009); *Shales v. General Chauffeurs, Sales Drivers and Helpers Local Union No. 330*, 557 F.3d 746, 749 (7th Cir. 2009) ("An award under § 1927 depends . . . on a finding of bad faith.")

Alternatively, Defendant argues that it is entitled to fees and costs under § 1447(c), which allows the court to award costs, expenses and attorneys' fees incurred in connection with an improper removal. *See Fincher v. South Bend Housing Authority*, 578 F.3d 567, 569 (7th Cir. 2009) ("[T]he decision to award costs and fees [under § 1447(c)] rests within the district court's discretion.") Plaintiff objects to paying costs and fees under either statute, and further claims that Defendant should pay the costs and fees Plaintiff incurred in responding to this motion to remand.

   **1.    § 1927**

Defendant claims that by November 2007, Plaintiff knew exactly how much money was at stake and should have notified the court that it lacked subject matter jurisdiction. Defendant points to a spreadsheet Plaintiff produced in August 2009 showing that while the company had initially incurred overbillings of $139,444.44, it had received refunds for all but $38,846.98 of that amount by November 14, 2007. (Doc. 74, Exs. E, F.) Plaintiff responds that Defendant itself prepared the spreadsheet in question, which Plaintiff then revised "to calculate the extent of the mis-billings after having examined the documentation produced through discovery." (Doc. 76, at 4.)

Defendant concedes that it created the spreadsheet, but insists that Plaintiff had all of the same information before filing this case, and could have made its own spreadsheet. Specifically, Defendant sent Plaintiff weekly reports detailing the invoices Defendant paid on Plaintiff's behalf, and Plaintiff's Controller, Sandra Ellis, testified that the company has an integrated computer system showing payments received. (Doc. 74, Ex. H, at 42.) The fact that Plaintiff never bothered to go through that information and calculate its actual losses, Defendant argues, does not change the fact that the company "knew" the relevant information before filing the lawsuit. (Doc. 74, at 5 (citing *United States v. Ladish Malting Co.*, 135 F.3d 484, 492 (7th Cir. 1998)) ("[A] memorandum . . . remains in the corporation's knowledge as long as the memo itself continues to exist," and

6

"[c]orporations 'know' what their employees who are responsible for an aspect of the business know.")

Where, as here, the plaintiff filed suit in state court, "[t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court or that the parties have colluded to that end." *St. Paul Mercury Indem.*, 303 U.S. at 290. As the Seventh Circuit explained, "[i]n removed cases, the amount alleged in the plaintiff's complaint . . . is presumed correct on the assumption that a plaintiff would not fabricate the amount in controversy to meet the federal diversity jurisdiction requirements and then file [its] suit in state court relying on the defendant to remove the case to federal court." *Smith v. American General Life and Acc. Ins. Co.*, 337 F.3d 888, 892 (7th Cir. 2003).

Defendant, "as proponent of federal jurisdiction, must establish what the plaintiff stands to recover." *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006). "The starting point . . . is typically the face of the complaint, where the plaintiff indicates the claim's value in [its] request for relief." *Chase v. Shop "N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). In support of removal, Defendant reasonably relied on Plaintiff's allegation that Defendant overbilled it in excess of $100,000. *Martin-Haire v. Interstate Brands Corp.*, No. 09-0476-DRH, 2009 WL 1810008, at *2 (S.D. Ill. June 25, 2009) ("The status of the case as disclosed by a plaintiff's complaint is controlling on the issue as to whether the case is removable.")

At the same time, Defendant cannot be heard to complain that Plaintiff deliberately misled it into federal court. Defendant acknowledges that Plaintiff's counsel sent the company a settlement demand letter dated October 29, 2007 indicating that the damages at issue were only $44,846.97. The same letter mentioned $67,630.67 in refunds received from one carrier. (Doc. 77-5.) Nevertheless, Defendant did not seek contention interrogatories, admissions from Plaintiff, or any other basis for verifying the damages amount. *Meridian Sec. Ins.*, 441 F.3d at 541-42.

7

Having voluntarily secured removal under such circumstances, Defendant cannot demonstrate that Plaintiff acted in bad faith by failing to calculate exact damages.

Defendant disagrees, citing language found in *BEM I, LLC v. Anthropologie, Inc.*, 301 F.3d 548 (7th Cir. 2002). The defendant in *BEM I* removed the case to federal court and the plaintiff objected that the removal was improper. *Id*. at 551. Prior to the removal, the plaintiff moved to increase its claim from $48,000 to $88,000, but as soon as it learned that the defendant planned to remove the case, the plaintiff withdrew the motion. *Id*. The plaintiff continued to claim that it was owed the additional monies, but its counsel acknowledged that he withdrew the motion to increase the damages amount because he was aware of a problem with the additional request. The plaintiff did not thereafter object to removal until nearly two years later, when it sought a remand. *Id*. at 551-52.

The Seventh Circuit noted that "deliberately to avoid raising the issue [of jurisdiction] is improper . . . and quite possibly unethical." *Id*. at 551. The court further cautioned that

> [l]awyers . . . owe it to the judge and the opposing lawyer to avoid subjecting them to the burdens of a lawsuit that they know or think may eventually be set at naught, and have to be started over again in another court, because of a jurisdictional problem of which the judge and the opposing counsel may be unaware.

*Id*. The court found that removal was proper because the amount at stake to either party to the suit exceeded the jurisdictional minimum on the date of removal, regardless of the plaintiff's requested damages at that time. *Id*. at 552-53.

Unlike in *BEM I*, there is no evidence that Plaintiff deliberately avoided raising the issue of jurisdiction, or thought it would recover less than $75,000 in this case. Indeed, Defendant acknowledges that it made billing errors totaling more than $144,000. In addition, the *BEM I* plaintiff manipulated its damages demand to avoid removal, and then waited two years before trying to get the case sent back to state court. There is no evidence of such gamesmanship here, where Defendant removed the case and now regrets that decision. The court finds no bad faith

on the part of Plaintiff and thus declines to award Defendant costs and fees pursuant to § 1927.[1] *See Shales*, 557 F.3d at 749.

## 2. § 1447(c)

Defendant argues that an award of fees and costs is nonetheless proper under § 1447(c). Unlike § 1927, § 1447(c) is not a sanctions rule, and "bad faith . . . is not essential to an award, any more than under the multitude of other fee-shifting statutes." *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410 (7th Cir. 2000). *See also Lawrence ex rel. Estate of Lawrence v. Biotronik, Inc.*, No. 04 C 1876, 2005 WL 2338812, at *1 (N.D. Ill. Sept. 20, 2005). Defendant directs the court to *O'Shea v. Walt Disney World Co.*, No. 03 C 5746, 2003 WL 22533661 (N.D. Ill. Nov. 6, 2003), in which the plaintiff filed suit in Illinois state court and submitted an affidavit of damages along with her complaint. The affidavit stated that she sought damages in excess of $50,000, but the complaint stated that she sought judgment in excess of $75,000. *Id*. at *1. Relying on the allegations in the complaint, the defendant removed the case to federal court based on diversity jurisdiction. The plaintiff sought a remand, claiming that her damages did not in fact exceed $75,000 and that she had made a mistake in the complaint. *Id*.

In granting the motion for remand, the court relied on a list of recent state court verdicts submitted by the plaintiff showing what other plaintiffs had recovered in similar cases. *Id*. at *2. In the court's view, "[t]hese verdicts suggest that it is highly unlikely that [the plaintiff's] claim will result in a jury verdict in an amount greater than $75,000." *Id*. The court noted that the defendants would not have removed the case in the absence of the plaintiffs' admitted mistake, and found that

---

[1] Plaintiff states in a footnote that "it is not inconceivable that MicroMetl chose a state court forum because it was not certain that its damages would reach the threshold required for federal diversity jurisdiction." (Doc. 76, at 5 n.5.) Although this statement is somewhat reminiscent of *BEM I*, where the plaintiff's attorney admitted his suspicion that the damages at issue were too small for diversity jurisdiction, the court finds it speculative and insufficient to support a finding of bad faith in this case.

9

"[u]nder these circumstances, it is appropriate to award reasonable costs and expenses, including attorney's fees to the defendants with respect to the notice of removal and remand." *Id*.

Contrary to the facts in *O'Shea*, Plaintiff is not seeking to remand the case, nor does it claim to have made a mistake in the state court complaint. At the same time, Defendant does contend that it would not have pursued removal had it known Plaintiff's true damages. It appears that Plaintiff had the relevant documentation in its possession prior to filing suit, but failed to analyze the information to determine the actual amount at stake. Rather, Plaintiff waited until either July or September 2008 before having Ms. Ellis calculate the company's losses. (Doc. 74, Ex. E, Doc. 77, Ex. N.) Significantly, Plaintiff did not receive any discovery from Defendant until June 2009, some nine months after Ms. Ellis confirmed Plaintiff's damages amount. Nor has Plaintiff identified any specific documentation it needed from Defendant in order to make the necessary calculations. On these facts, Plaintiff's claim that it first needed discovery from Defendant in order to compute its damages rings hollow.

Plaintiff stresses that its claim of more than $100,000 in overbillings was technically accurate, suggesting that it did not need to account for the refunds it received. Plaintiff also attempts to avoid responsibility by noting that it "did not lay claim to any specific amount" of damages. (Doc. 76, at 5.) In other words, Plaintiff seeks to convince the court that it has jurisdiction over this case, while simultaneously disavowing any suggestion that the company ever sought damages in excess of $75,000. (*See id.* at 9 and n.7.) This is entirely disingenuous. Once Defendant sought to remove the case based on diversity jurisdiction, Plaintiff was clearly put on notice that Defendant – and the district court that granted removal – believed the statement of overbillings to be a statement of damages as a whole. As shown above, however, the total amount of damages at stake was always less than $40,000, a fact Plaintiff could have discovered much earlier in this case. *Cf. Grinnell Mutual Reinsurance Co. v. Shierk*, 121 F.3d 1114, 1117 (7th Cir. 1997) (where the amount in controversy exceeded the jurisdictional amount when the plaintiff filed

suit, "the fact that the amount in controversy subsequently fell below that amount was not a jurisdictional defect.")

It is troubling that Plaintiff filed suit without reviewing the relevant information in its possession and calculating damages. It is also troubling, however, that Defendant waited so long to move for a remand once it learned that the court likely lacked subject matter jurisdiction. Like Plaintiff, Defendant certainly knew by August 2009 that the amount of potential damages was always just $38,846.98. Fact discovery closed on January 7, 2010, yet Defendant waited more than five additional months, until June 17, 2010, before seeking a remand. In the court's view, neither party is entitled to fees or costs in this case, and both sides will bear their own expenses.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Remand and for Sanctions [Doc. 74] is granted in part and denied in part. The case is remanded to the Circuit Court of Marion County, Indiana. Defendant's request for costs and fees pursuant to 28 U.S.C. § 1447(c) and/or 28 U.S.C. § 1927 is denied. Plaintiff's request for fees and costs is also denied.

ENTER:

*/s/ Nan R. Nolan*

Dated: August 17, 2010

NAN R. NOLAN
United States Magistrate Judge