# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Nan Nolan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 03257 | **DATE** | 11/5/2010 |
| **CASE TITLE** | MicroMetl Corp. vs. Tranzact Technologies, Inc. | | |

**DOCKET ENTRY TEXT**

Defendant's Motion for Leave to File Certain Documents & Supplement Record [Doc. 87] is GRANTED in part and DENIED in part.

■[ For further details see text below.]

## STATEMENT

On February 25, 2008, Plaintiff MicroMetl Corp., an Indiana corporation, filed suit against Tranzact Technologies, Inc., an Illinois corporation, in the Circuit Court of Marion County, Indiana, alleging breach of contract in connection with a shipping services agreement. (Compl. ¶¶ 1, 10.) On March 11, 2008, Defendant removed the case to the Southern District of Indiana on the basis of diversity jurisdiction, noting that the parties are "citizens of different States," and asserting that Plaintiff sought damages in excess of $75,000. (Notice of Removal ¶ 5.) On June 5, 2008, the Southern District of Indiana transferred the case to the Northern District of Illinois pursuant to a forum selection clause in the parties' contract. (Doc. 25.) Thereafter, the parties consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 39.)

After the parties conducted discovery, Defendant moved to remand the case to state court ("Motion to Remand"), arguing that Plaintiff at all times possessed sufficient documentation to determine that its actual losses in no way exceeded $75,000 as required for diversity jurisdiction. Defendant also requested sanctions against Plaintiff for allowing the improper removal and/or for knowingly and unnecessarily multiplying the costs of litigation. On August 17, 2010, the Court granted the motion in part, remanding the case to the Circuit Court of Marion County, Indiana, but denying Defendant's request for costs and fees. (Op. 11.) On September 13, 2010, Defendants filed a Notice of Appeal with the United States Court of Appeals for the Seventh Circuit, appealing the denial of sanctions pursuant to 28 U.S.C. §§ 1447 and 1927.

Presently before the Court is Defendant's Motion for Leave to File Certain Documents & Supplement Record. In connection with its appeal, Defendant requests the Court to grant leave to supplement the appellate record with: (a) the deposition transcripts of Mark Webber and Sandra Ellis; and (b) Defendant's March 2, 2010 settlement letter.[1] (Mot. 1-2.) For the reasons set forth below, Defendant's Motion is granted in part and denied in part.

## STATEMENT

Under Fed. R. App. P. 10(e)(2), "[i]f anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded . . . by the district court before or after the record has been forwarded." Nevertheless, Rule 10(e)'s purpose is to ensure that the court of appeals has a complete record of the proceedings which led to the appeal, not to facilitate a collateral attack on the district court's decision. *United States v. Hillsberg*, 812 F.2d 328, 336 (7th Cir. 1987). Thus, "Rule 10(e) does not allow a party to add materials to the record on appeal which were not before the district court." *United States v. Elizalde-Adame*, 262 F.3d 637, 640 (7th Cir. 2001); *see Hillsberg*, 812 F.2d at 336 ("Rule 10(e) does not give this court authority to admit on appeal any document which was not made a part of the record in the district court.") (internal citation and quotation marks omitted).

Here, the Court finds that the record on appeal should be supplemented with the deposition transcripts of Mark Webber and Sandra Ellis. When the Motion to Remand was filed, Defendant filed "dummy" exhibits in place of the actual transcripts of these depositions, pursuant to a Confidentiality Agreement executed by the parties. (Mot. 2-3; Resp. 2-4.) However, copies of the deposition transcripts were lodged with the Court (*see* Mot. Ex. B), and the Court reviewed the transcripts in making its ruling. (*See*, *e.g.*, Op. 2, 6, 10.) Thus, the deposition transcripts were before the Court and material to its ruling.

Plaintiff contends that Defendant "only designated certain pages of the deposition transcripts in question, not the entirety of the transcripts." (Resp. 3; *see* Motion to Remand ¶¶ 10-15 (citing to specific pages in the Webber and Ellis transcripts.) Thus, Plaintiff argues that "[a]t most, only those pages designated should be allowed to be a part of the record on appeal." (Resp. 4.) However, Plaintiff referenced other portions of the transcripts in its response to the Motion to Remand. (*See*, *e.g.*, Reply Ex. E at 5-6, 29.) Furthermore, the entire deposition transcripts were before the Court. Accordingly, "to ensure that the court on appeal has a complete record of the proceedings leading to the ruling appealed from," *Hillsberg*, 812 F.2d at 336, the record shall be supplemented with the entire deposition transcripts of Mark Webber and Sandra Ellis.

However, the Court will not supplement the appeal record with Defendant's March 2, 2010 settlement letter. The letter was exchanged between the parties as part of confidential settlement discussions and submitted to the Judge in preparation for a nonbinding alternative dispute resolution proceeding. *See* L.R. 83.5 ("Pursuant to 28 U.S.C. § 652(d), all non-binding alternative dispute resolution ("ADR") proceedings referred or approved by any judicial officer of this court in a case pending before such judicial officer, including any act or statement made by any party, attorney or other participant, shall, in all respects, be privileged and not reported, recorded, placed in evidence, made known to the trial court or jury (without consent of all parties), or construed for any purpose as an admission in the case referred or in any case or proceeding."). The letter was neither filed with the Court nor considered by the Court in ruling on the Motion to Remand. *See Elizalde-Adame*, 262 F.3d at 640-41 (declining to supplement the appeal record with letters exchanged between the parties during plea negotiations because "Rule 10(e) does not allow a party to add materials to the record on appeal which were not before the district court"); *Henn v. Nat'l Geographic Soc'y*, 819 F.2d 824, 831 (7th Cir. 1987) ("only materials filed with the district court are in the appellate record") (citing Fed. R. App. P. 10(a)).

Defendant contends that the Settlement Letter should be submitted to the court of appeal because it refutes the Court's finding that Defendant waited too long to seek a remand. (Mot. 3-4; Reply 3-5; *see also* Op. 11 (denying Defendant's request for sanctions, in part, because "Defendant waited so long to move for a remand once it learned that the court likely lacked subject matter jurisdiction").) Defendant argues that pursuant to Federal Rule of Evidence 408(b), settlement documents are admissible to negate a contention of undue delay. (Mot. 3-4; Reply 4.)

| STATEMENT |
|---|

Rule 408 generally "forbids the admission of statements made during settlement negotiations to prove liability or the lack of liability." *Bankcard Am., Inc. v. Universal Bancard Sys., Inc.*, 203 F.3d 477, 483 (7th Cir. 2000). Nevertheless, Rule 408 "permits evidence that is otherwise discoverable or that is offered for a purpose other than establishing liability." *Id.*; *see* Fed. R. Evid. 408(b). For example, the rule allows a party to use evidence from settlement negotiations to refute a claim of laches or undue delay by another party. *See Bankcard Am., Inc.*, 203 F.3d at 483 ("It would be an abuse of Rule 408 to allow one party during compromise negotiations to lead his opponent to believe that he will not enforce applicable time limitations and then object when the opponent attempts to prove the waiver of time limitations."). Here, on the contrary, it was the Court—not a party—that made a finding that Defendant waited too long to move for a remand. Furthermore, a party cannot supplement the appeal record with materials not before the Court for purposes of collaterally attacking the ruling. *See Hillsberg*, 812 F.2d at 336 ("The purpose of Rule 10(e) is to ensure that the court on appeal has a complete record of the proceedings leading to the ruling appealed from, not to facilitate collateral attacks on the verdict."). Thus, the Court finds no good reason to contravene the strong policy prohibition against revealing confidential settlement offers. *See* Fed. R. Evid. 408(a); 28 U.S.C. § 652(d); L.R. 83-5.

In any event, the Settlement Letter does not contain any explicit reference to a possible remand motion. Instead, Defendant merely argues, without any pinpoint citations, that somewhere in the 11-page Settlement Letter are possible <u>grounds</u> for a remand motion. (Mot. 3.) Furthermore, that Defendant may have broached possible grounds for remand in its March 2010 Settlement Letter does not negate the fact that "Defendant certainly knew by August 2009 that the amount of potential damages was always just $38,846.98" and that Defendant waited until June 2010 before seeking a remand. (Op. 11.)

In sum, the record on appeal is ordered supplemented with the transcripts of the August 24, 2009 deposition of Mark Webber and the August 25, 2009 deposition of Sandra Ellis, in their entirety.

---

[1.] Defendant has withdrawn its request to supplement the appeal record with Plaintiff's Rule 26(a) Disclosure. (Reply 5.)